UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERNIE DAVIS, *Plaintiff*, v. KETTLER MANAGEMENT, *Defendant*. | Civil Action No. 21-3351 (TJK) |

**MEMORANDUM**

Before the Court is the parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice.  ECF No. 19.  For the reasons explained below, the Court will grant the motion, approve the settlement agreement, and dismiss the case with prejudice.

**I.  Legal Standard**

Although Plaintiff pled only a claim under the Americans with Disabilities Act, *see* ECF No. 1-1 at 5–6, the parties represent Plaintiff also has an unpled claim under the Fair Labor Standards Act ("FLSA"), *see* ECF No. 19 at 4.  "No binding caselaw in this Circuit requires a district court to assess proposed FLSA settlements *ex ante*." *Sarceno v. Choi*, 78 F. Supp. 3d 446, 449 (D.D.C. 2015).  And the "FLSA does not expressly mandate" judicial approval.  *Stephens v. Farmers Rest. Grp.*, 329 F.R.D. 476, 486 n.2 (D.D.C. 2019).  But the Court will review the agreement here to avoid leaving "the parties in an uncertain position." *Sarceno*, 78 F. Supp. 3d at 449.

Courts in this District have applied a two-part test when considering whether to approve an FLSA settlement.  *See Carillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 131–32 (D.D.C. 2014); *Felts v. Ark Potomac Corp.*, No. 21-656 (TJK), 2021 WL 6049880, at *1 (D.D.C. Dec. 21, 2021).  First,

the Court must ensure the agreement resolves a "bona fide dispute"—that is, it "reflects a reasonable compromise over issues that are actually in dispute." *Carillo*, 51 F. Supp. 3d at 132 (quotation omitted). Second, the Court should confirm the agreement is substantively fair. *Felts*, 2021 WL 6049880, at *1.

Courts have used two different frameworks to assess FLSA settlements. Some have borrowed the "framework for reviewing class action settlements under Rule 23(e)." *Stephens*, 329 F.R.D. at 487. Others have used "a more flexible approach that looks at the totality of the circumstances." *Felts*, 2021 WL 6049880, at *1. This Court has applied both frameworks depending on the needs of a particular case . *See id.* at *1–2; *Stephens*, 329 F.R.D. at 487. Either way, there is a "strong presumption in favor of finding a settlement fair." *Carrillo*, 51 F. Supp. 3d at 133 (quotation omitted).

Here, the Court will apply the totality-of-the-circumstances approach because there is no accompanying request for class certification and because that approach "hews more closely to the ability for parties to resolve their disputes voluntarily," as happened here. *Id.*

## II.   Analysis

The Court "has no trouble" finding this agreement resolves a bona fide dispute. *Stephens*, 329 F.R.D. at 487. The parties have done "considerable litigating." *Id.* They engaged in seven months of fact discovery, and the Court extended the fact-discovery deadline three times. *See* Minute Order of June 28, 2022; Minute Order of August 10, 2022; Minute Order of August 31, 2022. The agreement releases, with consideration, claims Plaintiff has pressed for nearly a year, and Defendant still denies "all wrongdoing and liability." ECF No. 19-1 at 5. Thus, the Court is satisfied that Plaintiff has not signed a "mere waiver of his right to liquidated damages." *Brooklyn Sav. Bank. v. O'Neil*, 324 U.S. 697, 703 (1945).

The agreement is also fair. The Court must consider, among other things, "whether the proposed settlement (1) was the product of overreaching by the employer; (2) whether the settlement was the product of negotiation between represented parties following arm's length bargaining; and (3) whether there exist serious impediments to the collection of a judgment." *Sarceno*, 78 F. Supp. 3d at 451 (quotations omitted and alterations adopted). None of those factors weakens the presumption of fairness here.

Although the negotiated award of $5,000 to Plaintiff is far lower than his initial request for damages, *see* ECF No. 1-1 at 7, the agreement does not appear to be the product of employer overreaching. Courts generally consider "where the settlement amount falls between the plaintiffs' position and the defendants' [position]," *id.*, but these parties have not provided an updated estimate of Plaintiff's total claims. Still, Plaintiff is represented by competent, experienced counsel, and the Court is reluctant to second-guess an amount that counsel considered reasonable given the "inherent uncertainty of litigation." ECF No. 19 at 2; *Carillo*, 51 F. Supp. 3d at 134. The settlement amount reflects the parties' informed assessment of the defenses Defendant asserted, *see* ECF No. 11 at 2, and their assessment was aided by the formal discovery process. *See Felts*, 2021 WL 6049880, at *2. So the Court has no basis to question that appraisal.

This settlement was also produced by arm's-length bargaining. Not only did Plaintiff have his counsel's assistance during that process, but he also had the agreement reviewed by an "additional counsel for worker's compensation." ECF No. 18 at 1. Thus, the Court concludes that "the parties negotiated in good faith and with help from knowledgeable and diligent counsel who were involved every step of the way." *Id.*

Finally, though the Court is unaware of any "impediments to the collection of a judgment should this case go forward," this agreement allows Plaintiff to "recover now and . . . not face any

further litigation-related delay." *Felts*, 2021 WL 6049880, at *3; *see also* ECF No. 19-1 at 1.

Accordingly, after considering all the circumstances, the Court concludes the agreement is "fair and reasonable in light of the FLSA's statutory requirements." *Carillo*, 51 F. Supp. 3d at 135. Thus, dismissal of this action under the agreement is appropriate, given that it occurs "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Further, that dismissal will be with prejudice because the parties have requested as much. ECF No. 19 at 3.

### III. Conclusion

For all the above reasons, the Court will approve the settlement agreement and dismiss the case with prejudice. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: November 22, 2022